Joseph Jiudice, J.
The issue in this proceeding in which the defendant objects to the psychiatric examination reports made pursuant to section 730.10 of the Criminal Procedure Law is whether he is presently capable of understanding the criminal charges against him and of conferring with his counsel and making his defense.
The defendant was indicted and charged with reckless endangerment, and, pursuant to an order of this court, the defendant was examined by two psychiatrists pursuant to article 730 of the Criminal Procedure Law.
During the course of a hearing before this court, the defendant called his own psychiatrist to testify that the defendant was an incapacitated person as a result of mental disease and that he could not assist in his own defense and that he was suffering from encapsulated amnesia.
The defendant’s evidence indicated the defendant could not assist in his own defense because he lacked the capacity to do so. The People’s evidence indicated the defendant was not incapacitated so as to be unable to participate in the trial of this matter.
The test to be made in a case such as this is whether a defendant has possession of such mental faculties as to be able to understand the nature of the charge made against him and to make his defense.
The testimony of the psychiatrist for the defendant indicated a ballistic lobotomy was performed upon the defendant from a bullet entering and leaving his skull. A lobotomy is a surgical procedure that cuts the nerve fibers that connect the two frontal lobes of the brain. The psychiatrist testified this surgical procedure was a ballistic lobotomy because the patient’s behavior was like that of a post lobotomy patient and because he received brain trauma in the same area as this surgical pro *676 cedure. The defendant’s evidence also showed he suffered from encapsulated amnesia which was a loss of memory for a very specific well-defined period of time.
The People, on the other hand, produced evidence which also proved the defendant suffered from encapsulated amnesia derived from trauma, but that this would not prevent or make the defendant lack the capacity to assist in his own defense during the trial.
After considering the entire evidence in this matter, the court concludes that an amnesic defendant such as we have in this ease is not an incapacitated person as defined in CPL 730.10 (subd. 1) and that he is fit to proceed to trial. By definition under the afore-mentioned section, this defendant does not lack capacity to understand the proceedings against him, even though amnesia may prevent him from recalling facts immediately surrounding the alleged criminal act he is charged with copimitting.
It is this court’s opinion the defendant is able to discuss the case with his attorney and that evidence can be reconstructed extrinsically and by the assistance of the District Attorney.
Based upon the testimony of the psychiatrists and the evidence elicited at the hearing, the court concludes the defendant is fit to proceed to trial (CPL 730.10, subd. 1; People v. Soto, 68 Misc 2d 629 [1972]).
It is, therefore, ordered the defendant’s motion for an order declaring him to be an incapacitated person is denied, in all respects.